**RICHARD JOHNSON, Plaintiff**

**v.**

**ROBERT B. COULTER dba SOUTH PACIFIC ENGINE &
REPAIR, SOUTH PACIFIC ENGINE & REPAIR INC., a
corporation and SAMOA NAPA INC., a corporation, Defendants**

High Court of American Samoa
Trial Division

CA No. 22-91

August 5, 1996

Before KRUSE, Chief Justice, TAUANU'U Chief Associate Judge, and
BETHAM, Associate Judge.

Counsel:     For Plaintiff, Marshall Ashley
             For Defendants, Roy J.D. Hall, Jr. and Brian M.
Thompson

Opinion and Order on Damages:

## INTRODUCTION

Plaintiff Richard Johnson seeks compensation for monies advanced by him
to defendants Robert B. Coulter, South Pacific Engine and Repair, Inc., and
Samoa Napa, Inc., for services provided by him as an accountant, and for
office equipment given to them. Initially, Johnson claimed that the monies
advanced and services performed were for the formation of a partnership
between himself and Coulter in the two defendant companies. In the first
part of this bifurcated trial, we rejected Johnson's partnership theory. *See
Johnson v. Coulter, et al.*, 28 A.S.R.2d 218 (Trial Div. 1995). Johnson now
seeks to have his advances to the defendants repaid and his services
compensated.

## DISCUSSION

### I. Loans

Since we have already rejected Johnson's partnership theory, his only remaining tack is to attempt to recover the monies advanced to the defendants as loans. The defendants do not deny that these loans were made. Johnson lent the defendants $5,000 in April 1989, and an additional $65,029.41 between August 1989 and February 1990, for a total of $70,029.41.

The defendants claim, first of all, that they have repaid a portion of this amount. Specifically, they claim to have made three payments against the debt in the amounts of $7,895, $1,500, and $676, for a total of $10,071. Johnson, on the other hand, claims that these amounts were given to him to pay his expenses for a business trip on behalf of the defendants. We are not convinced, and will offset all three payments, leaving an unpaid balance of $59,958.41.

■ The defendants next claim that this balance was repaid by transferring Coulter's stock in Precision Machine to Johnson. However, Coulter's shares were transferred to Trevor Simmons, not Johnson. The defendants claim that Simmons was holding these shares on Johnson's behalf, but they have failed to prove this claim. The title of the shares was in Simmons' name. This is *prima facie* evidence that he was the true owner. The defendants did not call Simmons to testify. As we stated in our earlier Opinion and Order, business people dealing in sophisticated business dealings should reduce their agreements to writing. We do not accept this argument.

Johnson, on the other hand, has presented an extensive written argument that he is entitled to restitution damages above and beyond the amount conveyed to the defendants. However, Johnson has not proved unjust enrichment, fraud, or any other quasi-contract theory that allows him any recovery beyond disgorgement of the money conveyed. *See* Dan B. Dobbs, *Handbook on the Law of Remedies* § 12.1 (1973); RESTATEMENT OF RESTITUTION § 150 (1937) ("In an action of restitution in which the benefit received was money, the measure of recovery for this benefit is the amount of money received.").

■ Thus, the defendants owe Johnson $59,958.41, plus interest accruing from the date of the various loans. Where no written agreement accompanies a loan, a 6% interest rate is inferred. *See* A.S.C.A. § 28.1501; *Ghiselli Bros., Inc., v. Ryan, Inc.,* 22 A.S.R.2d 57, 59 (Trial Div. 1992). The defendants' assertion that interest should only accrue until March 24,

1993 when "Johnson refused to accept repayment of the loan," Def.'s Closing Arg. at 6, is baseless. First, the rule from the case they cite, *Murphy v. T. Rowe Price*, 8 F.3d 1420 (9th Cir. 1993), is based upon the interpretation and application of a California statute that has no parallel here. Second, an offer of settlement is not a "tender of payment." This argument has no legitimate basis.

Applying the defendants' $10,071 payment to the oldest loans, a breakdown of principal and interest still owed is as follows:

| Date | Loan Amount[1] | Interest[2] | Total |
|------|------|------|------|
| 4/01/89 | $ 00.00[3] | $ 00.00 | $ 00.00 |
| 8/07/89 | $ 293.82[4] | $ 123.27 | $ 417.09 |
| 8/07/89 | $ 7,535.18 | $ 3,161.12 | $ 10,696.30 |
| 8/18/89 | $ 33,735.65 | $ 14,097.33 | $ 47,832.98 |
| 9/11/89 | $ 5,193.76 | $ 2,149.94 | $ 7,343.70 |
| 1/05/90 | $ 8,500.00 | $ 3,355.47 | $ 11,855.47 |
| 2/01/90 | $ 4,700.00 | $ 1,835.34 | $ 6,535.34 |
| **TOTAL** | $ 59,958.41 | $ 24,722.47 | $ 84,680.88 |

Therefore, we enter judgment in favor of Johnson for $84,680.88.

II.      Services Rendered

Johnson worked for the defendant companies for slightly over a year, from April 1, 1989 until June 1990. He claims that he worked 60 to 80 hours per week during this time. We believe this figure is greatly exaggerated, at least so far as he is referring to accounting services. He apparently did not work regular hours, and the evidence just does not otherwise show that he was working between 9 to 12 hours per day, seven days per week.

He also claims that the market value of his services was $70,000 per year.

---

[1] We have applied the defendants' repayments to the loans oldest-in-time. We have chosen to award no interest on these offsets.

[2] We have awarded simple interest on the loan amounts.

[3] Loan amount - repayment = $5,000 - $5,000 = $0.

[4] Loan amount - repayment = $5,364.82 - $5,071 = $293.82

This figure is apparently based upon his opinion of the market. Johnson did not call any witnesses to testify as to what the normal value of an accountant doing work such as his would be. Johnson is not a licensed accountant and was not when he worked for the defendants. We seriously doubt that the market value of a licensed accountant in American Samoa is $70,000, let alone an unlicensed one. Additionally, there was testimony tending to show that Johnson's work was substandard.

While Johnson worked for the defendants, he was provided with a room and the use of a vehicle. These had some value, but did not cover the entire value of Johnson's services. We award Johnson an additional $20,000 to compensate him for the entirety of services rendered for the defendants.

III.     Office Equipment

Finally, Johnson alleges that he conveyed $5,000 worth of office equipment to the defendants. As a matter of fact, he has failed to adequately prove either the existence of this equipment or its value.

CONCLUSION

Johnson is entitled to the repayment of the loan principals advanced to the defendants in the amount of $59,958.41, plus accumulated interest in the amount of $24,722.47, a total of $84,680.88. He is also entitled to compensation for his services in the amount of $20,000. Post-judgment interest of 6% will accumulate on the judgment until paid.

Judgment shall enter accordingly.

It is so ordered.